IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY RESIL,

    Plaintiff,

v.                                                CASE NO. 4:11-cv-314-RH-GRJ

JARED MILLER, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* First Amended Complaint. (Doc. 5.) Plaintiff filed his First Amended Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983. For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's claims against the Wakulla County Jail and against United States Immigration and Customs Enforcement be dismissed with prejudice.

## DISCUSSION

In his First Amended Complaint, Plaintiff purports to bring claims under 42 U.S.C. § 1983 against the Wakulla County Jail, Major Jared Miller, Lisa Miller, an unidentified young white female nurse at the Wakulla County Jail, and the United States Immigration and Customs Enforcement ("ICE"). Plaintiff alleges that the Defendants failed to provide him with adequate medical care in connection with a heart attack he suffered in November 2010 while at the Wakulla County Jail.

A fair reading of the Complaint reveals that Plaintiff is attempting to bring a deliberate indifference claim under the Eighth Amendment against the Defendants.

Plaintiff was previously advised by the Court that he could not bring a claim under section 1983 against ICE because it is not a state actor under section 1983. (Doc. 3.) Plaintiff was also advised by the Court in that Order that the Wakulla County Jail is not an entity subject to suit under section 1983.

**A.     Plaintiff's Claim Against the Wakulla County Jail**

Plaintiff names the Wakulla County Jail as a Defendant in his First Amended Complaint.  The Wakulla County Jail has no independent legal existence and therefore is not an entity that is subject to suit under § 1983.  Logue v. Chatham County Detention Center, No. CV408-028, 2008 WL 895717, at *2 (S.D. Ga. Apr. 2, 2008)(county jail not an independent legal entity subject to suit under section 1983); Miller v. Benton County Jail, No. 06-5050, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006)(county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill.1993)(jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, No. 395cv608, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996). Therefore, Plaintiff's claim against the Wakulla County Jail should be dismissed with prejudice.

**B.     Plaintiff's Claim Against ICE**

Plaintiff was advised previously that ICE is not a state actor under 42 U.S.C. § 1983 and therefore is not susceptible to suit for damages for a constitutional violation under Section 1983.  Hindman v. Healy, 278 Fed. Appx. 893, 895 (11th Cir. 2008)(*per curiam*)("Section 1983 dies not apply to federal actors acting under color of federal law.").   Accordingly, because a cause of action cannot be brought against ICE under section 1983 Plaintiff's claim against ICE is due to be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** Plaintiff's claims against the Wakulla County Jail and Plaintiff's claims against the United States Immigration and Customs Enforcement should be **DISMISSED WITH PREJUDICE.**[1]

**IN CHAMBERS** this 14th day of October 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] In his Complaint Plaintiff also has included claims against several correctional officers and a nurse at the Wakulla County Jail. Because the Court in a separate order has directed Plaintiff to file an amended complaint relating to these claims this report and recommendation does not resolve all of the claims in this case. However, because there is no just reason to delay entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure the Court should direct the clerk to enter final judgment against Plaintiff as to his claims against the Wakulla County Jail and as to his claims against ICE.

*Case No: 4:11-cv-314-RH-GRJ*