IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY RESIL,

    Plaintiff,

v.                                              CASE NO. 4:11-cv-00314-RH-GRJ

JARED MILLER, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case has been pending since June 28, 2011 without a viable complaint for service. Despite Plaintiff having been granted more than ample time to amend his complaint to prosecute this case, Plaintiff has failed to comply with the Court's previous orders and has failed to advance this case. Accordingly, for the reasons explained below, the case should be dismissed for failure to prosecute and for failure to obey a Court order.

## DISCUSSION

Plaintiff, proceeding, *pro se,* filed a civil rights complaint on a form utilized in the United States District Court for the Western District of Louisiana. (Doc. 1.) At the time Plaintiff filed his original complaint he was being held in custody in a detention center in Waterproof, Louisiana.[1] Plaintiff's complaint concerns medical treatment he received while incarcerated in the Wakulla County Jail. Because Plaintiff failed to utilize the form used in this District and because of deficiencies in stating a claim for deliberate

---

[1] Apparently, since that time Plaintiff has been released from custody. Plaintiff lists his current address as an apartment in Miami, Florida.

indifference, the Court entered an order advising Plaintiff of the deficiencies and directing Plaintiff to file an amended complaint utilizing the Court's form. (Doc. 3.) Plaintiff was directed to file the amended complaint by July 29, 2011. *Id.* Plaintiff filed a first amended complaint on the Court's form on August 1, 2011. (Doc. 5.)

The Court reviewed Plaintiff's First Amended Complaint and determined that the complaint was again deficient and that Plaintiff improperly had included the Wakulla County Jail and Immigration and Customs Enforcement as defendants. The Court therefore entered an order directing Plaintiff to file another amended complaint detailing the connection of two of the Defendants to his claims and providing facts alleging the conduct which Plaintiff contended demonstrates deliberate indifference and the date(s) the alleged incident(s) occurred. (Doc. 13.) The Court separately entered a report and recommendation, recommending that the Wakulla County Jail and ICE should be dismissed. (Doc. 14.) On November 23, 2011 the Court accepted the report and recommendation and dismissed the claims against the Wakulla County Jail and the United States Immigration and Customs Enforcement. (Doc. 19.)

Plaintiff filed a second amended complaint on November 9, 2011. (Doc. 16.) Because the Second Amended Complaint failed to cure the deficiencies and again failed to provide any details about the incident, the date of the incident or the conduct that Plaintiff contends demonstrates deliberate indifference, the Court again entered an order pointing out the deficiencies and provided Plaintiff with yet one more opportunity to cure the deficiencies and file a further amended complaint. (Doc. 18.) Plaintiff was directed to file the further amended complaint by December 2, 2011.

Plaintiff failed to cure the deficiencies by filing a further amended complaint as

directed on or before December 2, 2011. Rather than dismissing the case the Court entered an order to show cause directing Plaintiff to show cause by January 20, 2012 why the case should not be dismissed for failing to amend his second amended complaint by December 2, 2011. (Doc. 20.) Plaintiff has failed to respond to the Court's show cause order as directed, has failed to amend his second amended complaint and otherwise has done nothing to advance this case for the past three months since filing the second amended complaint.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>Eades v. Alabama Dept. of Human Resources</u>, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

As detailed above despite the fact that this case has been pending since June 2011 Plaintiff has failed to file a complaint which states a cognizable claim for deliberate indifference and since November 2011 has failed to amend his current complaint or comply with the directives of this Court. The Court on at least several occasions pointed out to Plaintiff the deficiencies in his claims and graciously provided Plaintiff with a number of opportunities to cure the deficiencies.  Plaintiff has failed to cure the deficiencies and has failed to respond to the Court's show cause order.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED**

without prejudice for failure to prosecute and for failure to obey an order of this Court.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of January, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

.